

FILED

DEC 14 2021

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:21-CR- 139 |
| v. ) | JUDGE GREER/WYRICK |
| ) | |
| DARRELL EDWARD HONAKER ) | |
| ALMEDA MULLINS HONAKER ) | |
| DIANE MARIE HILLS ) | |

## INDICTMENT

The Grand Jury charges as follows:

### INTRODUCTION

At all times relevant to this Indictment:

1. DARRELL EDWARD HONAKER ("DARRELL HONAKER") was a resident of Church Hill, Tennessee within the Eastern District of Tennessee.

2. ALMEDA MULLINS HONAKER ("ALMEDA HONAKER"), the wife of DARRELL HONAKER, was a resident of Church Hill, Tennessee within the Eastern District of Tennessee.

3. DIANE MARIE HILLS ("HILLS") was a resident of Kingsport, Tennessee within the Eastern District of Tennessee.

4. Southern Dwellings was a real estate agency owned and operated by HILLS located in Kingsport, Tennessee within the Eastern District of Tennessee.

### Background

5. The object of the Title II Social Security Disability Insurance (SSDI) program is to replace part of the earnings lost because of a physical or mental impairment. Monthly benefits are paid to eligible disabled persons and to eligible auxiliary beneficiaries throughout the period of disability. There are no restrictions on the use of benefits received by beneficiaries.

6. A worker having a disability which will keep him/her from working for a year or more or which will result in death, may be eligible for benefits under the Social Security disability benefit program if he/she has sufficient work credits. Medical evidence of the disabling condition is required. Medical recovery and/or work activity are events that affect entitlement to disability benefits.

7. In order to be eligible for Social Security Disability Insurance (SSDI), you must have insured status. This means the applicant must have worked enough during the years before filing to have contributed a specific amount to the Social Security system. The Social Security Administration (SSA) determines if you have worked enough to qualify for SSDI by converting your earnings into work credits. The dollar amount it takes to earn one work credit is calculated annually.

8. If you are 31 or older, you must have worked at least five of the last 10 years to pass the recent work test. To be eligible, the applicant will need to have earned 20 credits (one quarter of work equals one credit) in the 10 years immediately before becoming disabled.

## The Scheme

9. In and around February 2014 and continuing through in and around July 2018, DARRELL HONAKER, ALMEDA HONAKER, HILLS, and co-conspirators known and unknown to the Grand Jury, embarked upon a scheme to conceal from the SSA wages earned by DARRELL HONAKER through DARRELL HONAKER'S employment as a real estate agent for Southern Dwellings. Although gainfully employed during this period, DARRELL HONAKER falsely represented to the SSA that he was unemployed and unable to work due to disability thereby allowing him to receive SSA disability benefits he was not entitled to.

10. It was part of the scheme that DARRELL HONAKER, ALMEDA HONAKER,

HILLS, and co-conspirators known and unknown to the Grand Jury, would direct wages earned by DARRELL HONAKER to ALMEDA HONAKER and ALMEDA HONAKER would use these falsely attributed wages to increase her work credits and then request and receive her own SSA disability benefits thereby receiving a greater SSA payment than she was entitled to.

11. It was part of the scheme that DARRELL HONAKER repeatedly misinformed the SSA about his work history and employment status and HILLS would provide surreptitious cash payments for real estate commissions earned to DARRELL HONAKER for the purpose of concealing DARRELL HONAKER'S income from the SSA.

## COUNT ONE
## CONSPIRACY TO COMMIT WIRE FRAUD
### (18 U.S.C. § 1349)

12. The allegations in paragraphs 1 through 11 are incorporated herein by reference for the purpose of alleging conspiracy in violation of 18 U.S.C. § 1349.

13. From in or about February 2014 through in or about July 2018, in the Eastern District of Tennessee and elsewhere, the defendants DARRELL HONAKER, ALMEDA HONAKER, and HILLS, did knowingly combine, conspire, confederate and agree with each other, and others known and unknown to the Grand Jury, to commit offenses against the United States, including violations of Title 18, United States Code, Section 1343 (wire fraud).

### OBJECTS OF THE CONSPIRACY

14. It was a part and an object of the conspiracy that the defendants, DARRELL HONAKER, ALMEDA HONAKER, and HILLS, and others known and unknown to the Grand Jury, having devised schemes and artifices for the purpose of defrauding and obtaining money and property from the United States by means of false and fraudulent pretenses and representations, would and did cause to be transmitted by wire communications in interstate

commerce any writings, signals, pictures, and sounds for the purposes of executing said schemes and artifices in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

15. In furtherance of the conspiracy, and to accomplish the ends thereof, the defendants, DARRELL HONAKER, ALMEDA HONAKER, and HILLS, and others known and unknown to the Grand Jury, used the following means, among others:

   a. DARRELL HONAKER made affirmative and false representations to the SSA that he was unemployed due to disability and could not work and therefore entitled to SSA disability benefits.

   b. DARRELL HONAKER was actually working for Southern Dwellings real estate agency which is owned and operated by HILLS. DARRELL HONAKER worked as a real estate agent and sold numerous properties from in or about February 2014 through in and about October 2018. Because of the false representations he made to the SSA, SSDI payments were electronically transmitted to DARRELL HONAKER that he was not entitled to.

   c. DARRELL HONAKER would split commissions with a coworker at Southern Dwellings whereby he would transfer real estate listings in his name to the coworker's name. DARRELL HONAKER would continue to work on those listings and once the property was sold, DARRELL HONAKER would receive his portion of the commission in cash directly from HILLS.

   d. DARRELL HONAKER and ALMEDA HONAKER also jointly worked on the sales of properties. However, ALMEDA HONAKER was paid all the wages. Therefore, because of this false attribution of work and wages,

account number being known to the Grand Jury) in the amount of $976.00 representing SSDI payment to ALMEDA HONAKER, to which she was not entitled.

b. On January 18, 2017, defendants DARRELL HONAKER and ALMEDA HONAKER caused to be transmitted by means of wire communication in interstate commerce, by writings, signals, and sounds, an electronic payment transaction from the U.S. Treasury outside Tennessee to a Bank of Tennessee account in Tennessee, with an account number ending in 7613 (the full account number being known to the Grand Jury) in the amount of $1,056.00 representing SSDI payment to DARRELL HONAKER, to which he was not entitled.

c. On February 3, 2017, defendants DARRELL HONAKER and ALMEDA HONAKER caused to be transmitted by means of wire communication in interstate commerce, by writings, signals, and sounds, an electronic payment transaction from the U.S. Treasury outside Tennessee to a Bank of Tennessee account in Tennessee, with an account number ending in 7613 (the full account number being known to the Grand Jury) in the amount of $976.00 representing SSDI payment to ALMEDA HONAKER, to which she was not entitled.

d. On February 15, 2017, defendants DARRELL HONAKER and ALMEDA HONAKER caused to be transmitted by means of wire communication in interstate commerce, by writings, signals, and sounds, an electronic payment transaction from the U.S. Treasury outside Tennessee to a Bank of Tennessee

account in Tennessee, with an account number ending in 7613 (the full account number being known to the Grand Jury) in the amount of $1,056.00 representing SSDI payment to DARRELL HONAKER, to which he was not entitled.

    e. On January 3, 2018, defendants DARRELL HONAKER and ALMEDA HONAKER caused to be transmitted by means of wire communication in interstate commerce, by writings, signals, and sounds, an electronic payment transaction from the U.S. Treasury outside Tennessee to a Bank of Tennessee account in Tennessee, with an account number ending in 7613 (the full account number being known to the Grand Jury) in the amount of $1,007.00 representing SSDI payment to ALMEDA HONAKER, to which she was not entitled.

    f. On January 17, 2018, defendants DARRELL HONAKER and ALMEDA HONAKER caused to be transmitted by means of wire communication in interstate commerce, by writings, signals, and sounds, an electronic payment transaction from the U.S. Treasury outside Tennessee to a Bank of Tennessee account in Tennessee, with an account number ending in 7613 (the full account number being known to the Grand Jury) in the amount of $1,056.00 representing SSDI payment to DARRELL HONAKER, to which he was not entitled.

    g. On February 2, 2018, defendants DARRELL HONAKER and ALMEDA HONAKER caused to be transmitted by means of wire communication in interstate commerce, by writings, signals, and sounds, an electronic payment

transaction from the U.S. Treasury outside Tennessee to a Bank of Tennessee account in Tennessee, with an account number ending in 7613 (the full account number being known to the Grand Jury) in the amount of $1,007.00 representing SSDI payment to ALMEDA HONAKER, to which she was not entitled.

h. On February 21, 2018, defendants DARRELL HONAKER and ALMEDA HONAKER caused to be transmitted by means of wire communication in interstate commerce, by writings, signals, and sounds, an electronic payment transaction from the U.S. Treasury outside Tennessee to a Bank of Tennessee account in Tennessee, with an account number ending in 7613 (the full account number being known to the Grand Jury) in the amount of $1,056.00 representing SSDI payment to DARRELL HONAKER, to which he was not entitled.

i. From in or about February 2014 and continuing until in or about October 2018, defendant HILLS furthered the illegal activity of DARRELL HONAKER by making surreptitious cash payments to DARRELL HONAKER as commissions for properties sold by him through the Southern Dwellings real estate agency thus concealing the payments and the income of DARRELL HONAKER from the SSA.

j. From in or about February 2014 and continuing until in or about October 2018, defendants DARRELL HONAKER and ALMEDA HONAKER worked jointly on the sales of properties through the Southern Dwellings real estate agency. However, ALMEDA HONAKER was paid all the wages from these

sales. Defendant HILLS furthered the illegal activity of DARRELL HONAKER and ALMEDA HONAKER by compensating ALMEDA HONAKER for work that was actually done by DARRELL HONAKER, allowing ALMEDA HONAKER to increase her SSA work credits and receive more SSDI benefits than she was entitled to, while also concealing the income of DARRELL HONAKER.

## COUNT TWO
## THEFT OF PUBLIC MONEY
### (18 U.S.C. § 641)

17. Paragraphs 1 through 16 of this Indictment are realleged and incorporated as if fully set forth herein.

18. In or about January 2004, and continuing through to in or about October 2018, in the Eastern District of Tennessee, and elsewhere, the defendant, DARRELL HONAKER, willfully and knowingly did steal, purloin, and convert to his own use, and the use of another, a sum in excess of $1,000 belonging to the United States, that is, the defendant, DARRELL HONAKER, knowingly and willfully did steal, purloin, and convert to his own use, and the use of another, approximately $171,353.60 in Social Security Disability Insurance payments from the United States Social Security Administration, all in violation of Title 18, United States Code, Section 641.

## COUNT THREE
## THEFT OF PUBLIC MONEY
### (18 U.S.C. § 641)

19. Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth herein.

20. In or about March 2014, and continuing through to in or about October 2018, in

the Eastern District of Tennessee, and elsewhere, the defendant, ALMEDA HONAKER, willfully and knowingly did steal, purloin, and convert to his own use, and the use of another, a sum in excess of $1,000 belonging to the United States, that is, the defendant, ALMEDA HONAKER, knowingly and willfully did steal, purloin, and convert to his own use, and the use of another, approximately $17,633.00 in Social Security Disability Insurance payments from the United States Social Security Administration, all in violation of Title 18, United States Code, Section 641.

## COUNT FOUR
## FALSE STATEMENT
## (18 U.S.C. § 1001)

21. Paragraphs 1 - 20 this Indictment is realleged and incorporated as if fully set forth herein.

22. That on or about April 23, 2018, in the Eastern District of Tennessee, and elsewhere, the defendant, DARRELL HONAKER, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, in a Work Activity Report, Form 0960-0059, submitted to the Social Security Administration, the defendant, DARRELL HONAKER, stated that he "did not work or get any pay" between February 2017 and April 23, 2018, well knowing and believing that the true answer was that he had worked and received wages between February 2017 and April 23, 2018. In violation of Title 18, United States Code, Section 1001.

## COUNT FIVE
## FALSE STATEMENT
## (18 U.S.C. § 1001)

23. Paragraphs 1 - 22 this Indictment is realleged and incorporated as if fully set forth herein.

24. That on or about October 24, 2018, in the Eastern District of Tennessee, and elsewhere, the defendant, DIANE MARIE HILLS, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating to SSA Special Agent Thomas Goldman that she had never paid any wages to DARRELL HONAKER for his work as a real estate agent well knowing and believing that the true answer was that she had paid DARRELL HONAKER wages. In violation of Title 18, United States Code, Section 1001.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Five of this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(7), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of an offense in violation of Title 18, United States Code, Sections 1349 (Count One) and/or Title 18, United States Code, Section 641 (Counts Two and Three), the Defendants, DARRELL HONAKER, ALMEDA HONAKER, and DIANE MARIE HILLS, shall forfeit to the United States of America, any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of an offense in violation of Title 18, United States Code, Sections 1001 (Counts Four and Five), the Defendants, DARRELL HONAKER, ALMEDA HONAKER, and DIANE MARIE HILLS, shall forfeit to the United States of America, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to the following:

Money Judgment

A personal money judgment in favor of the United States and against the defendants, DARRELL HONAKER, ALMEDA HONAKER, and DIANE MARIE HILLS, which represents the amount of proceeds the Defendants personally obtained from the offenses described above.

If any of the property described above, as a result of any act or omission of the Defendants:

(i) cannot be located upon the exercise of due diligence,

(ii) has been transferred or sold to, or deposited with, a third party,

(iii) has been placed beyond the jurisdiction of the court,

(iv) has been substantially diminished in value, or

(v) has been comingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461.

TRUE BILL:

███████████████

FOREPERSON

FRANCIS M. HAMILTON III
Acting United States Attorney

By: _____
ANDREW C. PARKER
Assistant U.S. Attorney